UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
STEVEN W. OTTE,

          Plaintiff,

-vs-

FRANK BRUSINSKI, sued in his
individual capacity, STEVEN BARBER,
sued in his individual capacity, DONNA
DeLUSSO, sued in her individual capacity,

          Defendants.
----------------------------------------------------X

**06 CIV 12887**

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF Case

**ROBINSON**

## INTRODUCTION

1. Plaintiff brings this action to redress the violation of his rights under the First Amendment to the United States Constitution.

## PARTIES

2. Plaintiff, Steven W. Otte, resides in Middletown, New York, within this judicial district.

3. Defendant, Frank Brusinski, is a state actor sued in his individual capacity.

4. Defendant, Steven Barber, is a state actor sued in his individual capacity.

5. Defendant, Donna DeLusso, is a state actor sued in her individual capacity.

## JURISDICTION AND VENUE

6. As plaintiff brings this action to enforce the First Amendment to the United States Constitution, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988.

7. As the events giving rise to this action occurred in Orange County, this case is

properly venued in the Southern District of New York.

**FACTUAL AVERMENTS**

8. On December 30, 1991, plaintiff commenced employment at Mid-Hudson Psychiatric Center in Middletown, New York. The Center is operated by the New York State Office of Mental Health.

9. Over the past decade, Otte has worked as a Security Hospital Treatment Assistant responsible for the custodial care of criminally-charged mentally ill patients at the Center. Plaintiff has consistently received positive performance evaluations.

10. On April 3, 2006, plaintiff told his unit manager, defendant Brusinski, that the "gold card" procedure governing use of the microwave oven in Ward 35/36 posed a safety danger because inmates had access to hot food and liquids which could be used as weapons against employees.

11. After reminding Brusinski that an inmate had previously scalded an employee with hot coffee and that staff employees had protested allowing inmates on the ward, plaintiff said that "if any staff member gets hurt or burned, I will come looking for you because we feel you are personally responsible and accountable for any injuries. You are the individual who designed the gold card system where one day a patient has the privileges and then loses them due to behavior, where does this create a safe and stable environment?"

12. Plaintiff's speech on April 3, 2006 addressed a matter of public concern as it focused on the safety of employees at Mid-Hudson Psychiatric Center. This speech was not pursuant to plaintiff's official job duties.

13. When plaintiff returned to work on April 6, 2006, he was summoned to the office of defendant Barber, a supervising Security Hospital Treatment Assistant (SHTA). Barber told plaintiff that he was being permanently transferred to a different location in his building because he had threatened Brusinski. Barber further told plaintiff that if he pursued this matter any further, the administration would charge him with violating the rules prohibiting workplace violence.

14. In fact, plaintiff never threatened Brusinski. Had he investigated the incident, defendant Barber would have discovered that plaintiff's co-workers were prepared to explain that plaintiff did not threaten Brusinski or anyone else on April 3, 2006.

15. Members of the Treatment Team, who had witnessed the exchange between plaintiff and Brusinski, executed a document advising the administration that plaintiff had not threatened Brusinski.

16. Plaintiff's transfer to a different floor altered the terms and conditions of his employment by requiring him to leave the staff and patients he had worked with for many years. Morever, this transfer made plaintiff's work environment less safe because he had less familiarity with the potentially violent patients in the new location. This adverse action would dissuade any reasonable employee working at Mid-Hudson Psychiatric Center from further speaking out on matters of public concern.

17. In falsely accusing plaintiff of threatening him, Brusinski reported this alleged misconduct in order to assure that plaintiff would be punished in retaliation for his speech on a matter of public concern. Plaintiff's transfer was the foreseeable

consequence of Brusinski's false report about plaintiff's alleged threat.

18. Defendant Barber transferred plaintiff in retaliation for his speech on a matter of public concern. Although Barber knew about plaintiff's speech, he did not take action to return him to his prior location.

19. Thereafter, while plaintiff was escorting a patient in the yard, Brusinski pushed plaintiff from behind, causing him to fall against the patient and endangering both the patient and plaintiff.

20. Plaintiff filed a complaint of workplace violence about this incident. In retaliation for plaintiff's protected speech, defendant Donna DeLusso, who heads the Human Resources department, took no action on plaintiff's workplace violence complaint.

21. Plaintiff has suffered emotional distress as a result of the retaliatory actions described above.

**CAUSE OF ACTION**

22. Plaintiff incorporates the allegations in ¶¶ 1-21 as if fully restated herein.

23. In retaliating against plaintiff for speaking out on a matter of public concern, defendants violated the First Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff compensatory damages for the pain and suffering he sustained as

a result of the retaliatory actions described above;

  d. award to plaintiff punitive damages against the individual defendants to punish them for the willful and malicious retaliation described above;

  e. award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

  f. award any other relief deemed just and proper.

Dated: November 1, 2006

Respectfully submitted,

STEPHEN BERGSTEIN
HELEN G. ULLRICH

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff

5

11/02/2006 16:58 FAX 8454695904    Bergstein&Ullrich,LLP                            ☒002
Case 7:06-cv-12887-CS   Document 1   Filed 11/02/06   Page 6 of 6

a result of the retaliatory actions described above;

      d. award to plaintiff punitive damages against the individual defendants to punish them for the willful and malicious retaliation described above;

      e. award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

      f. award any other relief deemed just and proper.

Dated:    November 1, 2006

                                                          Respectfully submitted,

                                                          STEPHEN BERGSTEIN
                                                          HELEN G. ULLRICH

                                                          BERGSTEIN & ULLRICH, LLP
                                                          15 Railroad Avenue
                                                          Chester, New York 10918
                                                          (845) 469-1277
                                                          Counsel for plaintiff